STATE OF NORTH CAROLINA
v.
ASHLEY NICOLE WIGGINS.
No. COA07-716
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General J. Philip Allen, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant.
TYSON, Judge.
Ashley Nicole Wiggins ("defendant") appeals from judgment entered revoking her probation and activating her suspended sentences for her conviction of selling cocaine pursuant to N.C. Gen. Stat. § 90-95(A)(1). We affirm.

I. Background
On 17 January 2006, defendant pled guilty in Bertie County Superior Court to the sale of cocaine . The trial court sentenced defendant to ten to twelve months imprisonment, suspended the sentence, placed defendant on supervised probation for eighteen months, ordered her to pay restitution, and transferred her probation to Pitt County.
On 11 January 2007, defendant's probation officer filed aviolation report alleging defendant violated four terms and conditions of her probationary judgment: (1) not using or possessing illegal drugs; (2) failure to meet with her probation officer; (3) failure to pay restitution; and (4) failure to notify her probation officer if she changed her home address.
At the probation violation hearing on 26 February 2007, defendant admitted that the violations were true. The trial court found defendant had willfully violated her probation and activated her suspended sentence. Defendant appeals.

II. Anders Brief
Defendant's appellate counsel states that after careful review of the record, she "has been unable to find any non-frivolous issue to be raised in this appeal." Counsel asks this Court to examine the record for possible prejudicial error.
Counsel has shown to the satisfaction of this Court compliance with the requirements of Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of her right to file written arguments with this Court and providing her with the necessary documents. Defendant has not filed any written arguments with this Court and a reasonable time in which she could have done so has passed.
In accordance with Anders, we must fully examine the record to determine whether any issues of arguable merit appear therein or whether the appeal is wholly frivolous. We have conducted our own examination of the record for possible prejudicial error and have found none. We conclude this appeal is wholly frivolous.

III. Conclusion
Defendant has failed to file arguments with this court in accordance with Anders. 386 U.S. 738, 18 L. Ed. 2d 493. A reasonable time for her to do so has passed. This appeal is wholly frivolous. The trial court's judgment is affirmed.
Affirmed.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).