STATE OF NORTH CAROLINA
v.
DESTINEE RYMELL WILCOX.
No. COA08-1272.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General William B. Crumpler, for the State.
Richard Croutharmel, for defendant.
ROBERT C. HUNTER, Judge.
Destinee Rymell Wilcox ("defendant") appeals from a judgment revoking her probation and activating her suspended sentence. After careful review, we affirm.
On 26 March 2007, defendant entered a plea of no contest to a charge of felonious burning of a schoolhouse. The trial court imposed a suspended sentence of sixteen to twenty months imprisonment, and placed defendant on supervised probation for thirty-six months. The trial court further ordered defendant to, inter alia, submit to intensive supervision for nine months; serve ten days in jail at the direction of her probation officer; obtain a psychological evaluation and abide by any course of treatment recommended; and pay court costs, restitution and attorney's fees totaling $1,278.22.
On 12 April 2007, defendant's probation officer filed a probation violation report alleging defendant violated the terms of her probation in that she was not at her place of residence during her court ordered curfew on 29 March, 4 April and 9 April 2007, and left her place of residence without notifying her probation officer. The trial court found defendant violated the terms of her probation after a hearing on 23 April 2007. The trial court entered an order modifying defendant's probation, sentencing defendant to six months of house arrest followed by six months of intensive supervision and ordering her to pay additional fees of $250.00.
Defendant's probation officer filed a second probation violation report on 27 September 2007, alleging defendant violated the terms of her probation in that she left her place of residence during house arrest curfew hours on 22 September 2007 and failed to return to her residence by her curfew on 21 and 26 September 2007. After a hearing on 15 October 2007, the trial court entered an order finding defendant violated the terms of her probation. The trial court again modified defendant's probation, sentencing defendant to serve two days in jail and ordering her to pay additional fees of $361.00.
On 25 April 2008, defendant's probation officer filed a third probation violation report, alleging defendant violated the terms of her probation in that she had not had a stable residence and had not been home for any curfew checks since 1 November 2007. The probation officer filed an amended probation report that same day adding the allegations that defendant had: (1) failed to pay anything toward her court indebtedness since being placed on probation on 26 March 2007; (2) failed to pay anything toward her probation supervision fees since being placed on probation; and (3) absconded from supervision in that she left her place of residence at 1601 E. Hazel Avenue in New Bern, North Carolina, and failed to make her whereabouts known to her probation officer.
At a hearing held on 27 May 2008, defendant admitted to not paying any money toward her court imposed indebtedness or her probation supervision fees, but denied absconding from supervision. The State put on evidence from defendant's probation officer, who detailed defendant's difficulty in maintaining a residence and testified that he had not seen defendant since mid-October of 2007. Defendant testified on her own behalf, stating that she had repeatedly called and left messages informing her probation officer of her current address. After considering the evidence, the trial court found defendant had violated the terms of her probation in that she had failed to pay anything toward her probation supervision fees since being placed on probation and had absconded from supervision, and the court activated defendant's suspended sentence. Defendant filed notice of appeal on 2 June 2008.
Defendant's appellate counsel states he is "unable to identify issues with sufficient merit to support relief on appeal." Counsel requests this Court to "conduct a full examination of the record for possible prejudicial error to decide if [he has] overlooked any justiciable issues." In accordance with the holdings of Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), counsel wrote a letter to defendant on 10 November 2008, advising defendant of counsel's inability to find error, of counsel's request for this Court to conduct an independent review of the record, and of defendant's right to file her own arguments directly with this Court. Counsel attached to the letter copies of the brief filed on her behalf, the record on appeal, and the transcript of her probation revocation hearing. We hold that defendant's counsel has fully complied with the holdings in Anders and Kinch. Accordingly, we must fully "review the record for any prejudicial error." Kinch, 314 N.C. at 101, 331 S.E.2d at 666.
In addition to seeking review pursuant to Anders, defendant's appellate counsel has identified four potential issues to which he directs this Court's attention: (1) whether the prior probation violation reports were filed; (2) possible ineffective assistance of trial counsel; (3) sufficiency of the evidence supporting a finding of abscondment; and (4) the trial court's calculation of defendant's prior time served. Further, defendant filed a letter with this Court acknowledging she received the brief filed on her behalf and raising arguments on appeal, including: (1) she entered her initial guilty plea involuntarily; (2) her probation officer was aware of her changes in residence but only sought her at an old address; and (3) her probation officer told her she did not have to pay anything under the terms of the instant probation because she was paying under a second case. After careful review of the entire record, judgment, transcript, and issues identified by defendant and her appellate counsel, we are unable to find any error at the probation revocation hearing or in the entry of the judgment revoking defendant's probation and activating her suspended sentence.
Affirmed.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).