INMAN, Judge.
Andrew Young ("Defendant") appeals from a judgment after a jury found him guilty of registering a false address on the sex offender registry in violation of N.C. Gen. Stat. § 14-208.11(a)(4). On appeal, Defendant contends that the trial court erred in denying his motion to dismiss on the basis that the registration form at issue lacked his signature, and, thus, was invalid for purposes of being charged with violating Section 14-208.11. After careful consideration, we hold that the trial court did not err in failing to grant Defendant's motion to dismiss because the North Carolina statute requiring a registered sex offender to complete a change of address form does not mandate that an offender sign the required form.
Factual & Procedural History
At trial, before the presentation of evidence, the parties stipulated to the following facts: On 24 June 1993, Defendant was found guilty in Cumberland County Superior Court for the criminal offense of taking indecent liberties with a child. This conviction was a "reportable offense" that required Defendant to register with the sex offender registry.
The State presented evidence at trial tending to show the following:
In or around March 2013, Defendant came to the Alamance County Sheriff's Department ("the Department") to complete a change of address form. Defendant noted on the form that he had moved to "Washington Street in Mebane." The Department mapped the address ("the Washington Street Address") and determined that it was located within a thousand feet of a school or daycare, in violation of N.C. Gen. Stat. § 14-208.16(a) (2012). Becky Smith ("Ms. Smith"), an employee with the Department, called Defendant and notified him that residing at the Washington Street Address put him out of compliance with the registry.[1] Consequently, Ms. Smith gave Defendant thirty days to find another place to live.
Ms. Smith testified that after notifying Defendant of the noncompliance, she made several attempts to follow up with him, but did not receive a response. She eventually notified her supervisor, Major Shelton Brown, that Defendant was out of compliance.
On 17 May 2013, approximately 60 days from when Ms. Smith informed Defendant that he was required to move, Defendant returned to the Department to complete a change of address form. Defendant listed "430 Dudley" as his new address. Using a blue pen, Ms. Smith added "ST" at the end of "430 Dudley" and then initialed, dated, and time-stamped the form before photocopying it and providing a copy to Defendant. A copy of the change of address form was admitted into evidence as State's Exhibit 5.
On 27 August 2013, an address verification form was sent to Defendant at the 430 Dudley Street address ("the Dudley Street Address") but, on 3 September 2013, that form came back marked "undeliverable."[2] On 19 September 2013, Lieutenant Jackie Wayne Fortner ("Lieutenant Fortner") and his partner, Investigator Rich Carlton ("Investigator Carlton") with the Alamance County Sheriff's Office Special Victim's Unit, were dispatched to the Dudley Street Address to verify that Defendant still lived there. The two officers met with Lashera Griffin, a resident of the Dudley Street Address, who explained that while she "knew of" Defendant, she did not know him personally, and he did not reside at the Dudley Street Address. The following day, after interviewing various individuals, Lieutenant Fortner and Investigator Carlton located Defendant and provided him with paperwork "to get him back in compliance."
Defendant's evidence at trial tended to show the following:
Larry Richmond, Defendant's stepfather, testified that on 17 May 2013, he drove Defendant to the Department to report his change of address. After leaving the Department, Mr. Richmond drove Defendant to the Dudley Street Address and observed Defendant exit the vehicle with a bag containing some of his belongings. On several occasions thereafter, Mr. Richmond testified that he delivered food and other items to Defendant at the Dudley Street Address.
To rebut Defendant's evidence, the State offered the testimony of Major Shelton Brown of the Alamance County Sheriff's Office. Major Brown testified that on 6 June 2013, Mr. Richmond came to the Department and reported that Defendant continued to reside with him at the Washington Street Address, and had never stayed at the Dudley Street Address. The State also offered Lieutenant Fortner's testimony, which revealed that on 20 September 2013, Mr. Richmond told him that Defendant "was staying with a woman in a boarding house on Story Street in Burlington."
On 23 June 2014, Defendant was indicted on the charge of forging or submitting under false pretenses the information or verification notices required under Article 27A, in violation of N.C. Gen. Stat. § 14-208.11(a)(4). On 4 October 2013, Defendant was indicted on the charge of attaining the status of an habitual felon.
On 10 February 2015, the matter came on for trial in Alamance County Superior Court before Judge G. Wayne Abernathy. At the close of the State's evidence, Defendant's counsel moved to dismiss the charge for insufficient evidence, but the trial court denied the motion finding that "[t]here ha[d] been evidence from which the jury could find that [D]efendant failed to comply with the sex registration requirements." At the close of all the evidence, Defendant's counsel renewed the motion to dismiss, and the trial court again denied the motion.
On 11 February 2015, the jury returned a verdict finding Defendant "guilty of failing to comply with the sex offender registration law by registering an address at which he did not reside[,]" and Defendant thereafter pleaded guilty to being an habitual felon. On 19 February 2015, the trial court consolidated judgment upon Defendant's convictions, and sentenced him as a Prior Record Level VI offender to an active term of imprisonment in the mitigated range of 91 to 122 months imprisonment. Defendant thereafter gave notice of appeal orally.
Analysis
Defendant contends that the trial court erred in denying his motion to dismiss because the registration form that was the basis of the prosecution was unsigned and, therefore, not executed in compliance with N.C. Gen. Stat. § 14-208.9A.
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting State v. Barnes , 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) ). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).
The statute that Defendant was charged with violating, N.C. Gen. Stat. § 14-208.11 provides, in pertinent part, that:
A person required by this Article to register who willfully does any of the following is guilty of a Class F felony:
[... ]
(4) Forges or submits under false pretenses the information or verification notices required under this Article.
N.C. Gen. Stat. § 14-208.11(a)(4) (2015).
Defendant asserts that because he did not sign his change of address form, he could not have been guilty of violating N.C. Gen. Stat. § 14-208.11(a)(4). Defendant relies on N.C. Gen. Stat. § 14-208.9A (2015), entitled "Verification of registration information," as support for this assertion. Pursuant to N.C. Gen. Stat. § 14-208.9A(a)(1), "[e]very year on the anniversary of a person's initial registration date, and again six months after that date, the Department of Public Safety shall mail a nonforwardable verification form to the last reported address of the person." Within three business days of the receipt of the form, the person must return the form to the Sheriff's Department. N.C. Gen. Stat. § 14-208.9A(a)(2). "The verification form shall be signed by the person and shall indicate ... [w]hether the person still resides at the address last reported to the sheriff. If the person has a different address, then the person shall indicate that fact and the new address." N.C. Gen. Stat. § 14-208.9A(a)(3) (emphasis added).
While Defendant is correct in his assertion that the statute's language "shall be signed" indicates "imperative" or "mandatory" language, and that the Court "must apply the statute to give effect to the plain and definite meaning of the language," his reliance on this particular statute is misplaced. The language of N.C. Gen. Stat. § 14-208.9A addresses only those instances where the State has issued the "verification" notice that is sent automatically by the State Bureau of Investigation on either a semi-annual or quarterly basis.
The procedure regarding an offender's change of address is set out in N.C. Gen. Stat. § 14-208.9, which provides in pertinent part:
(a) If a person required to register changes address, the person shall report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered. If the person moves to another county, the person shall also report in person to the sheriff of the new county and provide written notice of the person's address not later than the tenth day after the change of address. Upon receipt of the notice, the sheriff shall immediately forward this information to the Department of Public Safety.
N.C. Gen. Stat. § 14-208.9(a) (2015) (emphasis added).
This statute, unlike N.C. Gen. Stat. § 14-208.9A, does not include language mandating that the registration form be signed by the offender.
Here, the evidence before the trial court showed that on 17 May 2013, Defendant reported in person to the Department and provided a written notice of his address. Ms. Smith testified that both the verification form and the change of address form requires offenders to present themselves in person to the Department. Ms. Smith further testified that Defendant initially presented to the Department in March 2013 because "[h]e moved.... I think he came in and did an address change to Washington Street in Mebane."
However, even assuming that Defendant went to the Department in March of 2013 to respond to a verification form, Ms. Smith subsequently notified him that the Washington Street Address put him out of compliance with the registry and gave him thirty days to find a new place to live. Thereafter, Defendant was required to return to the Department and complete a new change of address form, pursuant to N.C. Gen. Stat. § 14-208.9(a). On 17 May 2013, Defendant returned to the Department and completed the change of address form at issue in this case, indicating that he resided at the Dudley Street Address. The testimony of Mr. Richmond indicates that when Defendant provided the Sheriff's Department with the Dudley Street Address, it was for the purpose of changing his address.
Furthermore, the State provided sufficient evidence that Defendant "willfully ... submit[ted] under false pretenses the information or verification notices required under [the sex offender registration laws]." N.C. Gen. Stat. § 14-208.11(a)(4). The State's evidence tended to show that Defendant reported to the Department to complete the change of address form only after Defendant received notification that the Washington Street Address was not in compliance with the registry. However, Ms. Griffin, a resident of the Dudley Street Address, told investigating officers that Defendant did not reside at that address. Additionally, the testimonies of Major Brown and Lieutenant Fortner reveal that on two different dates after Defendant submitted the change of address form, Defendant's stepfather indicated that Defendant did not reside at the Dudley Street Address.
Defendant relies on this Court's decision in State v. Surratt, --- N.C. App. ----, ----, 773 S.E.2d 327, 333 (2015), holding that "[a]n executed verification form is required before one can be charged with falsifying or forging the document." However, this decision is not pertinent to the issue in the present case for several reasons. In Surratt , the defendant was charged with providing false or misleading information, in violation of N.C. Gen. Stat. § 14-208.11(a)(4), by verbally providing law enforcement with a false address. Surratt at ----, 773 S.E.2d at 332. This Court held that verbal statements made to law enforcement regarding an offender's address were outside the reach and intention of the sex offender registry statutes. Id. at ----, 773 S.E.2d at 333. Additionally, in Surratt , this Court determined that the document in question was a verification form, and applied N.C. Gen. Stat. § 14-208.9A. Surratt at ----, 773 S.E.2d at 333. In the alternative, here, the evidence provides that Defendant went to the Department for the purpose of completing an updated change of address form, not a verification form. As discussed above, N.C. Gen. Stat. § 14-208.9(a) is devoid of any provision requiring an offender to sign the change of address form.
Conclusion
For the aforementioned reasons, we hold that the State presented substantial evidence of all elements of the offense charged, and, accordingly, the trial court did not err in denying Defendant's motion to dismiss.
NO ERROR.
Report per Rule 30(e).
Judges STEPHENS and HUNTER, JR. concur.

Ms. Smith testified that, although it was not required, offenders were advised to contact the Department prior to moving for the purpose of "mapping" verification. Ms. Smith did not know why the Washington Street Address was not located on a map prior to Defendant's change of address in March 2013, but she attributed it to either Defendant not making contact with the office prior to his move or the Department's mapping department employee not being available.

It was later determined that Defendant was in the Alamance County Jail from 27 August until 19 or 20 of September 2013.