INMAN, Judge.
A trial court did not abuse its discretion in finding that no discovery violation occurred when the State failed to disclose before trial the reason that a testifying officer was able to identify a defendant's voice on a recording, when the State had disclosed in discovery that the witness recognized the defendant's voice and the trial court instructed the jury to disregard the officer's testimony about how he knew the defendant.
Darren W. Blevins ("Defendant") appeals from a judgment entered following a jury trial and conviction for selling and delivering marijuana and possession with intent to manufacture, sell, or deliver marijuana. Defendant argues that the trial court erred by finding the State did not violate his discovery rights when it failed to provide a written statement disclosing that a testifying officer was able to identify Defendant on a recorded conversation because the officer had previously arrested him for an unrelated crime. After careful review, we affirm the trial court.
Factual and Procedural History
The evidence at trial tended to show the following:
On or about 6 August 2013, Detectives Matthew Sadler and Ben Hamrick ("Detective Sadler" and "Detective Hamrick" respectively, and the "Detectives" collectively), of the Cleveland County Sheriff's Department's Narcotics Division, went to the home of Marvin Carroll ("Carroll") after receiving a tip that Carroll was selling or possessed marijuana. Carroll granted the Detectives consent to search his house, which produced approximately 1.27 grams of marijuana and a digital scale. The Detectives asked Carroll to identify the person from whom he purchased the marijuana in exchange for an offer of leniency from prosecution. Carroll agreed to act as a confidential informant and provided the Detectives with Defendant's name, noting that he had supplied Carroll with marijuana for the previous six months.
The Detectives then initiated a controlled buy in which Carroll contacted Defendant to arrange for the purchase of a quarter pound of marijuana. Once the buy was set up, the Detectives conducted a search of Carroll and his vehicle, outfitted him with audio monitoring equipment, and provided him with $290. The Detectives followed Carroll to Defendant's house, where the transaction was to take place.
Detective Sadler and Detective Hamrick monitored the audio from Carroll's equipment and heard Carroll identify the man he was talking to as "Darrin." However, the Detectives were unable to see the transaction because of vegetation growing by the side of the house. Carroll testified that he remained in his vehicle while Defendant brought the marijuana to him and that they engaged in a short conversation. Carroll also testified that Jerry Boiters ("Boiters") was in the driveway during the exchange. Boiters, called as a witness by Defendant, testified that Carroll arrived at Defendant's house, exited his vehicle, and then chatted with him and Defendant in the driveway for a few minutes before getting back in his truck and leaving. Boiters testified that no sale of marijuana occurred.
After Carroll left Defendant's house, the Detectives followed him to a predetermined location where Carroll turned over a quarter pound of marijuana. The Detectives searched Carroll and his vehicle for a second time and did not find any money or additional contraband. Carroll identified Defendant as the person he gave the $290 to in exchange for the marijuana.
On 26 October 2013, Detective Sadler arrested Defendant. Defendant was charged with possession with intent to manufacture, sell, or deliver marijuana and selling and delivering marijuana in January 2014 and tried before a jury on 14 December 2015. At trial, Detective Hamrick testified that he was able to recognize Defendant's voice on the recording of the controlled buy because he had previously arrested Defendant. The trial court struck Detective Hamrick's statement, and instructed the jury to disregard the comment.
During a voir dire hearing requested by defense counsel, Detective Hamrick testified that he recognized Defendant's voice because he previously arrested Defendant on a charge of shooting into an occupied dwelling, unrelated to the drug charges for which Defendant was on trial. Detective Hamrick testified that he disclosed this information to the prosecutor representing the State at trial. The prosecutor, however, failed to disclose this information in any written statement or discovery sent to defense counsel. Defense counsel argued the State's failure to disclose the information was a discovery violation and that the trial court should either dismiss the case or declare a mistrial. The trial court denied defense counsel's motions, but restricted Detective Hamrick's testimony to his ability to recognize Defendant's voice and offered defense counsel additional time to prepare for cross examination. Defense counsel declined the offer for additional time.
When the jury returned to the courtroom, the trial court provided the following instruction:
Members of the jury, when [Detective] Hamrick was testifying a while ago, part of his testimony, related to an issue he had with [Defendant] in the past, was stricken. As I told you at the start of this trial, if the Court grants a motion to strike all or part of the answer of a witness, in this case [Detective] Hamrick, to a question, you must disregard and not consider the evidence that has been stricken.
At the close of the State's evidence, defense counsel moved to dismiss on the grounds that the State failed to provide substantial evidence as to each and every element of the crimes charged. Defendant's counsel also renewed the motions to dismiss and for a mistrial based on the asserted discovery violation. The trial court denied the motions.
Following the close of all the evidence, Defendant renewed the motions to dismiss and the motion for a mistrial. Defendant also asked the trial court for sanctions against the State for the discovery violation. The trial court denied Defendant's motions to dismiss and for sanctions, ruling that "[it thought] the outburst from [Detective] Hamrick was an accident[,]" and that the State's failure to disclose the information prior to trial was not a discovery violation. The trial court noted that "[it] tried to cure that accident as best [it] could."
The jury found Defendant guilty on both charges. The trial court sentenced Defendant to a prison term of 8 to 19 months suspended on the conditions of special supervised probation for 36 months, including a condition that Defendant serve 30 days in jail. Defendant timely appealed.
Analysis
Defendant argues the trial court committed reversible error by not finding the State violated Defendant's right to pre-trial discovery due to the State's failure to disclose that Detective Hamrick could identify Defendant's voice because of his previous arrest of Defendant for shooting into an occupied dwelling. We disagree.
"Determining whether the State failed to comply with discovery is a decision left to the sound discretion of the trial court." State v. Jackson , 340 N.C. 301, 317, 457 S.E.2d 862, 872 (1995) (citing State v. McClintick , 315 N.C. 649, 661-62, 340 S.E.2d 41, 49 (1986) ). As with other rulings on sanctions resulting from discovery violations, "[w]hether a motion for mistrial should be granted is a matter which rests in the sound discretion of the trial judge, and a mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law." State v. Calloway , 305 N.C. 747, 754, 291 S.E.2d 622, 627 (1982) (internal citations omitted). A trial court's ruling therefore will not be reversed absent a showing "that its ruling was so arbitrary that it could not have been the result of a reasoned decision." State v. Cook , 362 N.C. 285, 295, 661 S.E.2d 874, 880 (2008) (internal quotation marks and citations omitted).
"[T]he purpose of discovery under our statutes is to protect the defendant from unfair surprise by the introduction of evidence he cannot anticipate." State v. Payne , 327 N.C. 194, 202, 394 S.E.2d 158, 162 (1990). N.C. Gen. Stat. § 15A-903 provides, in pertinent part:
(a) Upon motion of the defendant, the court must order:
(1) The State to make available to the defendant the complete files of all law enforcement agencies, investigatory agencies, and prosecutors' offices involved in the investigation of the crimes committed or the prosecution of the defendant.
N.C. Gen. Stat. § 15A-903(a) (2015). The State's obligation to provide discovery includes a witness's oral statements, which are required to "be in written or recorded form, except that oral statements made by a witness to a prosecuting attorney outside the presence of a law enforcement officer or investigatorial assistant shall not be required to be in written or recorded form unless there is significantly new or different information in the oral statement from a prior statement made by the witness." N.C. Gen. Stat. § 15A-903(a)(1)(c). The State's duty to disclose information continues after its initial discovery disclosure to a defendant pursuant to N.C. Gen. Stat. § 15A-907 (2015).
Our review of the voir dire hearing following Detective Hamrick's testimony reveals that the trial court did not abuse its discretion by ruling there was no discovery violation. Defense counsel was aware the State intended to call Detective Hamrick as a witness, and that Detective Hamrick was able to recognize Defendant's voice. Defense counsel was also aware that Detective Hamrick had been to Defendant's home prior to the date of the controlled buy. The trial court specifically found that the testimony was unintentionally disclosed, and it took curative measures to prevent prejudice by striking the comment from the witness's testimony, instructing the jury to disregard the testimony, and restricting Detective Hamrick's testimony solely to his ability to recognize Defendant's voice, excluding testimony about why he recognized Defendant's voice. Accordingly, we hold Defendant has failed to demonstrate the trial court's ruling was so arbitrary that it could not have been the result of a reasoned decision, and therefore the trial court did not abuse its discretion.
Because we hold the trial court did not abuse its discretion by ruling the State did not commit a discovery violation, we need not address Defendant's arguments that he was prejudiced by Detective Hamrick's statement or that the trial court erred in denying his motion for a mistrial based upon the State's failure to disclose how Detective Hamrick recognized Defendant's voice.
Defendant also argues that the trial court violated his constitutional rights pursuant to the Sixth and Fourteenth Amendments of the United States Constitution. However, Defendant failed to assert these arguments before the trial court and therefore waived his right to appellate review in this regard. State v. Cummings , 353 N.C. 281, 292, 543 S.E.2d 849, 856 (2001) (holding the defendant "waived review of the constitutionality of the trial court's conduct" because the defendant did not present the issue before the trial court).
Conclusion
For the foregoing reasons, we hold the trial court did not abuse its discretion by ruling that the State did not violate the rules of discovery in failing to disclose the specifics of why Detective Hamrick was able to recognize Defendant's voice.
AFFIRMED.
Report per Rule 30(e).
Judges CALABRIA and ZACHARY concur.