HUNTER, JR., Robert N., Judge.
Robert Edward Branning ("Defendant") appeals from a judgment revoking his probation and activating his suspended sentence. We affirm.
I. Factual and Procedural Background
On 3 December 2015, Defendant pled guilty to interfering with an electronic monitoring device, a Class I felony. At the time, Defendant was serving a sentence for an unrelated offense. The trial court sentenced Defendant to a term of 5 to 15 months of imprisonment, suspended the sentence, and placed him on 24 months of supervised probation to begin when Defendant was released from his current sentence.
After being released from custody on or about 20 July 2016, Defendant reported to the Haywood County Probation Office, as required. On 24 August 2016, Defendant's probation officer filed a probation violation report alleging Defendant violated the conditions of his probation by: (1) by failing to report as directed to the probation officer; (2) being in arrears of his court debt; (3) failing to report a change of address; (4) being found in possession of firearms; and (5) committing the offenses of larceny of a firearm, carrying a concealed gun, possession of a firearm by a felon, and possession of a stolen firearm.
On 28 November 2016, Defendant's probation officer filed a second probation violation report, alleging Defendant violated the conditions of his probation by committing the offenses of felony assault with physical injury on a detention employee, first degree kidnapping, larceny of a motor vehicle, assault with a deadly weapon, fleeing to elude arrest by motor vehicle, assault with a deadly weapon on a government official, and possession of a firearm by a felon.
On 9 January 2017, the trial court held a hearing on Defendant's probation revocation. At the start of the hearing, the State indicated it would not proceed on the 28 November 2016 report. The State presented evidence showing that on 22 August 2016, two probation officers encountered Defendant while conducting home visits of other individuals on probation in Haywood County. When the officers pulled up to the double-wide trailer residence of one probationer, they observed several individuals on the porch and saw a woman, who they knew to be on probation at the time, run around the side of the house. During their ensuing search, the officers encountered Defendant outside the home helping a woman out of the bedroom window. After securing Defendant, the officers found a handgun in the waistband of his pants. Defendant also had a duffle bag containing an assault rifle, ammunition, face masks, gloves, handcuffs, and a bullet proof vest. Defendant did not present any evidence.
At the close of the hearing, the trial court stated it did not find Defendant committed the offense of carrying a concealed gun, because he was on private property at the time, but otherwise found Defendant willfully violated his probation, as alleged in the 24 August 2016 violation report. The trial court revoked Defendant's probation based on his committing a criminal offense and activated his suspended sentence. Defendant gave oral notice of appeal.
II. Anders Brief
Counsel appointed to represent Defendant is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal and asks this Court to conduct its own review of the record for possible prejudicial error. Counsel filed documentation with the Court showing he complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with the Court and providing him with a copy of the documents pertinent to his appeal.
Defendant did not file any written documents on his own behalf with this Court, and a reasonable time for him to do so has expired. In accordance with Anders, we fully examined the record and are unable to find any possible prejudicial error. Accordingly, we affirm the trial court's judgment.
III. Conclusion
For the foregoing reasons, we affirm the trial court's judgment.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.