DILLON, Judge.
Nathaniel Brown ("Defendant") asks this Court to conduct an independent review of the record in accordance with Anders v. California to determine whether prejudicial error occurred during his probation revocation hearing.
I. Background
In October 2016, Defendant pleaded guilty to two crimes and was sentenced to two consecutive sentences of 12-24 months. Those sentences were suspended, and Defendant was placed on supervised probation for 24 months.
Four months later, in February 2017, a probation officer filed reports alleging Defendant violated conditions of his probation. The case came on for hearing and Defendant admitted the violations. The trial court revoked Defendant's probation and activated modified sentences of imprisonment.
Days later, Defendant wrote a letter to the clerk of court complaining about being given "a box car sentence." Recognizing that this letter lacks some of the formalities of a proper notice of appeal, Defendant filed a petition for writ of certiorari to consider the merits of this appeal. We grant Defendant's petition to consider Defendant's appeal.[1]
We hereby grant Defendant's petition in order to examine the record on appeal for possible prejudicial error and to determine whether any non-frivolous issue has been overlooked pursuant to State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985).
II. Analysis
On appeal, Defendant's counsel filed a brief acknowledging that he was unable to identify any issue with sufficient merit to support a meaningful review. Defendant's counsel then asks this Court to conduct an independent review of the record in accordance with Anders v. California , 386 U.S. 738 (1967), to determine whether there are any non-frivolous issues with regard to Defendant's probation revocation hearing. We note that the United States Supreme Court has held that an Anders review is not constitutionally required in post-conviction proceedings, but is only required during the first appeal of right where there is a right under our federal Constitution to an attorney:
We think the court below improperly relied upon the United States Constitution to extend the Anders procedures to postconviction proceedings. The holding in Anders was based on the underlying constitutional right to appointed counsel established in Douglas v. California , 372 U.S. 353 (1963) [, which held] that denial of counsel to indigents on first appeal as of right amounted to unconstitutional discrimination against the poor. ... Anders established a prophylactic framework that is relevant when, and only when, a litigant has previously established a constitutional right to counsel.
We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today.
Pennsylvania v. Finley , 481 U.S. 551, 554-55 (1987). This appeal is not from Defendant's conviction, but rather from a post-conviction proceeding. Further, we note that the United States Supreme Court has refused a universal right under the Constitution at probation revocations hearings. Gagnon v. Scarpelli , 411 U.S. 778, 790 (1973). And, citing Gagnon , our own Supreme Court has held that a right to counsel during the probation revocation stage is statutory and not constitutional. State v. Coltrane , 307 N.C. 511, 514, 299 S.E.2d 199, 201-02 (1983) (holding that a defendant's right to counsel at probation revocation hearings is based on statute).
Notwithstanding the foregoing, in our discretion, we have reviewed the record. Based on our review, we have been unable to discern any non-frivolous issue. Accordingly, we dismiss this appeal. See Kinch , 314 N.C. at 106, 331 S.E.2d at 669 ("Upon our examination of all of the proceedings, we hold the appeal to be wholly frivolous and subject to dismissal.")
DISMISSED.
Report per Rule 30(e).
Judges ELMORE and DAVIS concur.

According to the Department of Public Safety website, Defendant was released from prison on 25 January 2018. Defendant has confirmed to appellate counsel that he is currently on post-release supervision. Since he continues to be subject to the possible revocation of his supervision, this matter is not yet moot.