IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-792

No. COA22-196

Filed 6 December 2022

Person County, No. 20 CRS 316

STATE OF NORTH CAROLINA

v.

KENNETH LEE BAILEY, Defendant.

Appeal by Defendant from order entered 27 September 2021 by Judge Cynthia K. Sturges in Person County Superior Court. Heard in the Court of Appeals 6 September 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General Jessica Helms, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for Defendant-Appellant.*

DILLON, Judge.

¶ 1 Defendant Kenneth Lee Bailey appeals from the trial court's post-conviction order revoking his probation based on a new criminal offense and urges this Court to conduct a review of the record similar to our review of criminal judgments pursuant to *Anders v. California*, 386 U.S. 738, 744, 18 L.Ed.2d 493, 498 (1967).

¶ 2        We note that Defendant did not properly notice his appeal pursuant to Rule 4 of our Rules of Appellate Procedure.  He has, however, petitioned our Court to issue a writ of *certiorari* to aid in our jurisdiction.

¶ 3        We, hereby, grant Defendant's petition for a writ of *certiorari* to give us jurisdiction to review the order revoking Defendant's probation.

¶ 4        Contemporaneously with the petition for writ of *certiorari*, Defendant's counsel filed a brief seeking *Anders*-type review because counsel had examined the record and applicable law and was "unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal."[1]

¶ 5        Defendant does not have a *constitutional* right to counsel at a probation revocation hearing.  *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967) ("We do not find in the United States Constitution or the North Carolina Constitution any constitutional right to counsel for a defendant in a proceeding to revoke probation.")  Though there may be a statutory right to counsel, *Anders* is not invoked. *See Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) ("[W]e reject respondent's argument that the *Anders* procedures should be applied to a state-created right to counsel[.]")

---

[1] Though not to be construed to suggest that Defendant had an *Anders*-type right to submit separate arguments for our consideration, we note that Defendant has not done so.

¶ 6          Accordingly, we can only consider arguments not raised by Defendant's counsel by invoking Rule 2 of our Rules of Appellate Procedure in the exercise of our discretion, as any argument not advanced in an appellant's brief is abandoned under Rule 28. However, based on the reasoning of our Supreme Court's opinion in *State v. Ricks*, 378 N.C. 737, 862 S.E.2d 835 (2021), we must conclude that it would be an abuse of our discretion to invoke Rule 2. *Id.* at 743, 862 S.E.2d at 840 (concluding that "[b]y allowing defendant's petition for writ of certiorari and invoking Rule 2 to review defendant's challenge to the [trial court's] order, the Court of Appeals abused its discretion").[2]

¶ 7          We note that in *Ricks*, our Court had invoked Rule 2 to suspend *Rule 10* to consider an argument raised in the defendant's brief, but which had not been preserved during the trial court proceeding. Here, Defendant is essentially asking us to suspend Rule 28 to consider arguments not raised in his brief which might have otherwise been preserved in the trial court for our review. However, we do not see any reason why our Supreme Court's reasoning in *Ricks* would not apply to

---

[2] *Ricks* does contain language which suggests that our Court lacks authority even to issue the writ of *certiorari* "when the petition shows [no] merit." 378 N.C. at 738, 862 S.E.2d at 837. However, this statement by our Supreme Court is *dicta*, and we do not construe the statement as limiting our jurisdiction to issue writs of *certiorari*. Rather, the holding in *Ricks* limits our discretion to invoke Rule 2 where we have obtained jurisdiction by issue a writ of *certiorari*. *See State v. Ore*, 2022-NCCOA-380, §§ 48-51 (J. Dillon concurring).

Defendant's appeal, where Defendant has otherwise "failed to show that a refusal to invoke Rule 2 would result in manifest injustice." *Id*. at 742, 862 S.E.2d at 839.[3]

¶ 8    Notwithstanding, we have reviewed the indictments to ensure that the trial court had jurisdiction to try Defendant in the first instance and are satisfied the indictments were sufficient. *See State v. Rankin*, 371 N.C. 885, 821 S.E.2d 787 (2018). Otherwise, since Defendant has made no argument in his brief for our Court to consider, we do not consider any other argument and affirm the order of the trial court revoking Defendant's probation.

AFFIRMED.

Judge MURPHY concurs.

Judge INMAN concurs in result only by separate opinion.

---

[3] We note that prior to our Supreme Court's decision in *Ricks*, our Court on occasion did invoke Rule 2 to suspend Rule 28 and Rule 10 to consider a criminal appeal before us on *certiorari*. *See, e.g., State v. McGinnis*, 2002 N.C. App. LEXIS 2325 (2002) (unpublished) (suspending Rule 28); *State v. Essary*, 274 N.C. App. 510, 850 S.E.2d 621 (2020) (unpublished) (suspending Rule 10).

INMAN, Judge, concurring in result only.

¶ 9        I concur in the majority's decision to grant Defendant's petition for *certiorari*. But unlike the majority, I would hold that this Court has both the jurisdiction and authority to consider the issues raised in Defendant's *Anders* brief on appeal from an order revoking his probation without invoking Rule 2 of our Rules of Appellate Procedure. But conducting *Anders*-type review in this case, I can discern no prejudicial error. For this reason, I concur only in the result reached by the majority.

¶ 10       This Court has not previously held, explicitly, that appeals from probation revocations may be subject to *Anders*-type review. However, this Court has conducted *Anders*-type reviews in appeals from probation revocations or violation determinations in at least 21 cases, including once in a published decision, over the past nearly three decades.[4] And this Court recently announced its authority to

---

[4] *See, e.g., State v. Mayfield*, 115 N.C. App. 725, 726-27, 446 S.E.2d 150, 151-52 (1994); *State v. Brooks*, 2022-NCCOA-145, ¶ 1 (unpublished); *State v. Wilder*, 271 N.C. App. 805, 842 S.E.2d 346 (2020) (unpublished); *State v. Branning*, 258 N.C. App. 205, 809 S.E.2d 927 (2018) (unpublished); *State v. Grice*, 254 N.C. App. 611, 801 S.E.2d 398 (2017) (unpublished); *State v. Woods*, 248 N.C. App. 304, 790 S.E.2d 753 (2016) (unpublished); *State v. Williams*, 249 N.C. App. 683, 791 S.E.2d 878 (2016) (unpublished); *State v. Austin*, 238 N.C. App. 199, 768 S.E.2d 63 (2014) (unpublished); *State v. Johnson*, 220 N.C. App. 160, 723 S.E.2d 582 (2012) (unpublished); *State v. Odom*, 212 N.C. App. 693, 718 S.E.2d 737 (2011) (unpublished); *State v. Johnson*, 210 N.C. App. 491, 711 S.E.2d 207 (2011) (unpublished); *State v. Blount*, 204 N.C. App. 596, 696 S.E.2d 925 (2010) (unpublished); *State v. Burgess*, 198 N.C. App. 703, 681 S.E.2d 864 (2009) (unpublished); *State v. McNair*, 197 N.C. App. 760, 680 S.E.2d 902 (2009) (unpublished); *State v. Wilcox*, 197 N.C. App. 233, 676 S.E.2d 669 (2009) (unpublished); *State v. Wiggins*, 187 N.C. App. 307, 652 S.E.2d 752 (2007) (unpublished); *State v. Talley*, 177 N.C. App. 813, 630 S.E.2d 258 (2006) (unpublished); *State v. Parrish*, 167 N.C. App. 807, 606 S.E.2d 459 (2005) (unpublished); *State v. Hampton*, 162 N.C. App. 181, 590 S.E.2d 332 (2004) (unpublished); *State v.*

conduct *Anders* review for appeals in another post-conviction setting—DNA testing pursuant to N.C. Gen. Stat. § 15A-270.1 (2021)—in *State v. Velasquez-Cardenas*, 259 N.C. App. 211, 815 S.E.2d 9 (2018).

¶ 11        Although the defendant in *Velasquez-Cardenas* was not entitled to *Anders*-like review as of right because the North Carolina Constitution does not provide for a right to counsel in post-conviction DNA proceedings, we recognized statutory law confers that right in such cases. 259 N.C. App. at 215-16, 815 S.E.2d at 12-13 ("[B]ecause the General Assembly has created a general right of appeal from the denial of motions made pursuant to the Act, this Court clearly has *jurisdiction* to consider the request for *Anders*-type review made by Defendant's appellate counsel." (emphasis in original) (citing *State v. Thomsen*, 369 N.C. 22, 25, 789 S.E.2d 639, 641-42 (2016)). We noted that "[i]n all prior opinions of this Court involving *Anders* briefs filed pursuant to a[ ] [Section] 15A-270.1 appeal, the State has implicitly accepted the validity of the *Anders* procedure, and simply argued that the defendants' appellate counsel were correct in their determinations that no meritorious issues were

---

*Lipscomb*, 156 N.C. App. 698, 578 S.E.2d 1 (2003) (unpublished); *State v. Burrus*, 149 N.C. App. 233, 562 S.E.2d 303 (2002) (unpublished); *State v. Owens*, 149 N.C. App. 233, 562 S.E.2d 303 (2002) (unpublished). *But see State v. Tillman*, 278 N.C. App. 149, 2021-NCCOA-290, ¶ 10 (unpublished) (declining to conduct *Anders* review because defendants do not have a *constitutional* right to counsel at probation revocation hearings); *State v. Brown*, 261 N.C. App. 538, 817 S.E.2d 922 (2018) (unpublished) (questioning the availability of *Anders* review but nonetheless conducting discretionary, independent review in a probation revocation appeal).

identifiable from the trial records." *Id.* at 214, 815 S.E.2d at 11 (citing 13 unpublished

opinions conducting *Anders* review in an appeal pursuant to Section 15A-270.1). We

further explained there was

> no valid reason to deny *Anders*-type protections to
> defendants in criminal proceedings from which there is a
> *statutory right of appeal*, and [could] discern no compelling
> reason why this Court, or the State, would find it desirable
> to place appointed counsel in the position of choosing
> between the duty to zealously assert the client's position
> under the rules of the adversary position, and the
> prohibition on advancing frivolous claims.

*Id.* at 223, 815 S.E.2d at 17 (cleaned up) (emphasis added). We ultimately held, "this

Court has *both* jurisdiction *and* the authority to decide whether *Anders*-type review

should be prohibited, allowed, or required in appeals from [Section] 15A-270.1.

Exercising this discretionary authority, we hold that *Anders* procedures apply to

appeals pursuant to [Section] 15A-270.1." *Id.* at 225, 815 S.E.2d at 18 (emphasis in

original).

¶ 12        This Court's reasoning and holding in *Velasquez-Cardenas* applies to the

availability of *Anders*-like review of the appeal from a probation revocation order in

this case. Thus, I respectfully disagree with the majority opinion's holding that this

Court is *prohibited* from conducting an *Anders*-type review separate from that

constitutionally mandated by *Anders* and its progeny. *See id.* at 214-16, 815 S.E.2d

at 12-13 ("The United States Supreme Court is charged with determining what

constitutes the minimum rights and protections guaranteed by the United States Constitution. States are of course free to permit, or require, procedures that afford protections beyond what is constitutionally mandated.").

## I.    FACTUAL & PROCEDURAL BACKGROUND

I supplement the majority opinion with the following facts disclosed from the record below:

On 3 December 2019, after pleading guilty to possession of a firearm by a felon, Defendant was sentenced by the trial court to 17 to 30 months in prison, suspended for 24 months of supervised probation.

In 2021, Defendant was alleged to have violated the terms of his probation by, among other things, committing a new criminal offense. During a hearing on 27 September 2021, Defendant admitted to three violations of the terms of his probation, including committing the criminal offense of possessing a weapon in violation of his offender status. The trial court revoked Defendant's probation and activated his suspended sentence.

Two days later, Defendant filed a handwritten notice of appeal, and the trial court filed appellate entries. Defendant was then appointed appellate counsel, who on 9 May 2022 filed a petition for writ of *certiorari* with this Court as well as a brief seeking *Anders*-type review.

## II.    ANALYSIS

### A. Appellate Jurisdiction

¶ 17        Defendant's handwritten letter filed two days following his probation hearing notices an appeal of "the courts [sic] verdict." The letter fails to comply with Rule 4 of the North Carolina Rules of Appellate Procedure because it does not provide proof of service upon the State or identify the judgment appealed or to which court the appeal is taken. *See* N.C. R. App. P. 4(a)-(c) (2022). Recognizing that Defendant failed to give proper notice of appeal from the probation revocation order, Defendant's appellate counsel filed a petition for writ of *certiorari* with this Court seeking *Anders* review.

¶ 18        This Court may issue a writ of *certiorari* "when the right to prosecute an appeal has been lost by failure to take timely action." N.C. R. App. P. 21(a)(1) (2022). Because Defendant's handwritten note evinces his intent to appeal the trial court's revocation of his probation, in our discretion, I agree with the majority's decision to grant Defendant's petition to review the order revoking Defendant's probation.

¶ 19        But I disagree with the majority's determination that we may "only consider arguments not raised by Defendant's counsel by invoking Rule 2 in the exercise of our discretion, as any argument not advanced in an appellant's brief is abandoned under Rule 28." Rule 2 of our Rules of Appellate Procedure provides:

> To prevent manifest injustice to a party, or to expedite
> decision in the public interest, either court of the appellate
> division may, except as otherwise expressly provided by

> these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C. R. App. P. 2 (2022). Rule 28(a) provides: "The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned." N.C. R. App. P. 28 (2022).

¶ 20      The majority holds that any issues not specifically raised in Defendant's brief requesting *Anders*-type review have been abandoned. Our Court considered this very question in the context of *Anders* review on appeal from another post-conviction proceeding—a motion for appropriate relief seeking DNA testing—in *Velasquez-Cardenas*. The State contended that this Court should not conduct an *Anders* review of the record. We concluded, independent of Rule 2, "Defendant's brief requesting *Anders* review and the State's brief contending that we cannot apply *Anders* review to this appeal *place this issue squarely before us and meet the requirements of Rule 28*." *Velasquez-Cardenas*, 259 N.C. App. at 224, 815 S.E.2d at 18 (emphasis added). We ultimately held that *Anders* review was appropriate in that context. *Id.* at 225, 815 S.E.2d at 18. A concurring judge wrote a separate opinion expressing concern that the majority had considered arguments beyond this Court's jurisdiction because they were not articulated in compliance with Appellate Rule 28. *Id.* at 226, 815 S.E.2d at 19 (Dillon, J., concurring).

¶ 21    Insofar as an appeal from a probation violation hearing is in the same procedural posture as an appeal from an order denying post-conviction DNA testing, we are bound by this Court's majority decision in *Velasquez-Cardenas. See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent[.]" (citation omitted)). While hearings on probation violations are not identical to hearings on post-conviction motions for DNA testing, they are both post-conviction criminal proceedings.

¶ 22    As in *Velasquez-Cardenas*, Defendant's brief seeking *Anders* review has adequately raised this issue to satisfy Rule 28. Thus, we need not suspend any appellate rules pursuant to Rule 2 to consider whether *Anders* procedures apply to appeals from probation revocations. *See, e.g., State v. Robinson*, 279 N.C. App. 643, 2021-NCCOA-533, ¶ 9 (allowing a petition for writ of *certiorari* based on the defendant's failure to timely notice an appeal to conduct an *Anders* review without invoking Rule 2).

¶ 23    I also cannot agree with the majority's holding that our Supreme Court's recent decision in *State v. Ricks*, 378 N.C. 737, 2021-NCSC-116, compels us to conclude that it would be an abuse of discretion to invoke Rule 2 in this case. *Ricks* holds that we "may only invoke Rule 2 when injustice appears manifest to the court or when the case presents significant issues of importance to the public interest." *Id.* ¶ 1. Like one

member of the majority in this case,

> I do not read *Ricks* as holding that our Court lacks jurisdiction to issue a writ to review a legal issue that otherwise was not preserved at the trial court (and therefore would require us to invoke Rule 2 to reach). Such a reading would suggest a limitation of our jurisdiction to issue such writs, which our Supreme Court does not have the constitutional authority to do.

*State v. Ore*, 283 N.C. App. 524, 2022-NCCOA-380, ¶ 49 (Dillon, J., concurring).

¶ 24        Though I conclude that this Court has jurisdiction to review Defendant's appeal without invoking Rule 2, in the alternative, I would conclude that this appeal properly falls within the narrow scope of the rule. Invoking Rule 2 would not be an abuse of discretion, as the majority asserts, because review at this time would "'expedite decision in the public interest,' . . . and settle a question of law that would be certain to otherwise recur," particularly in light of Defendant's "clear reliance on the precedent of this Court in conducting *Anders* review, without reservation," on appeals pursuant to N.C. Gen. Stat. § 15A-1347(a) (2021). *Velasquez-Cardenas*, 259 N.C. App. at 224-25, 815 S.E.2d at 18. As in *Velasquez-Cardenas*, countless defendants have relied upon *Anders* review of an activation of their prison sentences upon a revocation of probation, and many future defendants will rely on the mechanism to vindicate their civil liberties. It would expedite decision in the public interest to address whether this Court has the authority to conduct *Anders* review of probation revocation appeals. *See* N.C. R. App. P. 2.

Assuming *arguendo* that determining whether we have the authority to conduct *Anders* review on appeal from probation revocations somehow does not present a "significant issue[] of importance in the public interest," the Supreme Court's reasoning in *Ricks* about the other prong of Rule 2, to prevent manifest injustice, does not apply here. This case is distinguishable from *Ricks,* which concerned an unpreserved challenge to an order for satellite-based monitoring ("SBM")—a "civil, regulatory scheme." *Ricks*, ¶¶ 1, 6; *State v. Hilton*, 378 N.C. 692, 2021-NCSC-115, ¶ 24 (citing *State v. Bowditch*, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010)). In this case, Defendant appeals from a criminal judgment, a distinction this Court has held is dispositive. *Velasquez- Cardenas*, 259 N.C. App. at 219, 815 S.E.2d at 15 ("This Court in *Lineberger* determined it was bound by *Harrison* because SBM proceedings are *civil* in nature. Neither *Harrison* nor any other opinion involving *Anders* review in civil matters constitutes binding precedent in the criminal matter presently before us." (emphasis in original)).

**B. *Anders*-type Review in Probation Revocation Appeals**

Having established our jurisdiction over this matter and because the briefs have raised the issue, *see* N.C. R. App. P. 28(a), I would take this opportunity to clarify whether this Court *may*, in its discretion, conduct an *Anders*-type review in an appeal from a probation revocation. *See Velasquez-Cardenas*, 259 N.C. App. at 226, 815 S.E.2d at 19 (Dillon, J., concurring) ("I agree with the majority's statement to the

extent that it suggests that we have jurisdiction (i.e., the authority) to conduct an *Anders*-like review in the context of an appeal brought pursuant to N.C. Gen. Stat. § 15A-270.1. However, to the extent that the majority's statement suggests that we are *required* to conduct an *Anders*-like review, I respectfully disagree." (emphasis added)). For this reason, I disagree with the majority's cursory conclusion that "*Anders* is not invoked" in this setting.

¶ 27        In its appellate brief, as in the context of appeals from post-conviction DNA testing in which this Court conducted *Anders* review, the State does not contest Defendant's application of *Anders*-type review for probation revocation appeals. And like defendants pursuing post-conviction DNA testing, Defendant here cannot rely on a *constitutional* right to counsel in probation revocation proceedings. *Cf. State v. Scott*, 187 N.C. App. 775, 777, 653 S.E.2d 908, 909 (2007) ("A defendant at a probation revocation hearing has a *statutory* right to counsel akin to the right enjoyed in a criminal trial." (emphasis added) (citations omitted)). But, just as it has done in the context of post-conviction DNA litigation, our General Assembly has created a statutory right to counsel at probation revocation hearings. N.C. Gen. Stat. § 7A-451(a)(4) (2021); *Velasquez-Cardenas*, 259 N.C. App. at 215, 815 S.E.2d at 12-13 ("The right to counsel on appeal from an order denying post-conviction DNA testing is not of constitutional origin. It is purely a creature of statute, specifically [Section] 15A-270.1[.]"). Finally, as is true for appeals from post-conviction DNA testing, defendants

also have a statutory right to appeal where the trial court revokes their probation and activates a suspended sentence. N.C. Gen. Stat. § 15A-1347(a) (2021); *Velasquez-Cardenas*, 259 N.C. App. at 223, 815 S.E.2d at 17.

¶ 28        Following our historical practice of conducting *Anders*-type review in this context and our decision in *Velasquez-Cardenas*, I would conclude "this Court has *both* jurisdiction *and* the authority to decide whether *Anders*-type review should be prohibited, allowed, or required in appeals from [probation revocation]. Exercising this discretionary authority, [I would] hold that *Anders* procedures apply to appeals pursuant to [Section 15A-1347(a)]." 259 N.C. App. at 225, 815 S.E.2d at 18 (emphasis in original). Having concluded Defendant's counsel could proceed pursuant to *Anders* procedures in this matter, I would then address the merits of Defendant's arguments. *See id.*

## C. *Anders*-type Review in this Case

¶ 29        Contemporaneously with the petition for writ of *certiorari*, Defendant's counsel also filed a brief seeking *Anders*-type review because counsel had examined the record and applicable law and was "unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal." Defendant has not submitted separate arguments for our consideration.

¶ 30        This Court has summarized *Anders* procedures as follows:

> In order to comply with *Anders*, appellate counsel [is]

> required to file a brief referring any arguable assignments
> of error, as well as provide [the] defendant with copies of
> the brief, record, transcript, and the State's brief. *Kinch*,
> 314 N.C. at 102, 331 S.E.2d at 666-67 . . . . Pursuant
> to *Anders*, this Court must conduct "a full examination of
> all the proceedings[,]" including a "review [of] the legal
> points appearing in the record, transcript, and briefs, not
> for the purpose of determining their merits (if any) but to
> determine whether they are wholly frivolous." *Kinch*, 314
> N.C. at 102-103, 331 S.E.2d at 667 (citation omitted).

*Robinson,* ¶¶ 10-11. *See also Velasquez-Cardenas*, 259 N.C. App. at 225, 815 S.E.2d

at 18.

¶ 31        Defendant's appellate counsel has complied with the requirements of *Anders*

and *Kinch*. Counsel's brief, consistent with his obligation under *Anders* to refer this

Court to "anything in the record that might arguably support the appeal," *Anders v.*

*California*, 386 U.S. 738, 744, 18 L.Ed.2d 493, 498 (1967), directs us to consider: (1)

whether the indictment was legally sufficient to confer jurisdiction on the trial court;

(2) whether the revocation of probation was proper; and (3) whether Defendant's

sentence was authorized by statute.

¶ 32        Defendant's indictments were legally sufficient and conferred jurisdiction on

the trial court because they gave Defendant notice of the criminal charges against

him with sufficient detail. *See State v. Harris*, 219 N.C. App. 590, 592-93, 724 S.E.2d

633, 636 (2012) ("[A]n indictment must contain: 'A plain and concise factual

statement in each count which . . . asserts facts supporting every element of a criminal

offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.'" (quoting N.C. Gen. Stat. § 15A-924(a)(5) (2011))).

¶ 33        The trial court appropriately revoked Defendant's probation as authorized by N.C. Gen. Stat. § 15A-1344(a) (2021) after he admitted to the alleged probation violation of committing a new criminal offense. *See, e.g., State v. Melton*, 258 N.C. App. 134, 136-37, 811 S.E.2d 678, 680-81 ("A trial court may only revoke a defendant's probation in circumstances when the defendant: (1) commits a new criminal offense, in violation of N.C. Gen. Stat. § 15A-1343(b)(1) . . . .").

¶ 34        Finally, Defendant's sentence falls squarely within the presumptive range authorized by statute for a Class G Felony at a Prior Record Level III—a minimum of 17 months and a maximum of 30 months imprisonment. *See* N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2021).

¶ 35        Having fully examined the record for issues of arguable merit and given that it is well within a trial court's discretion to revoke a defendant's probation for the commission of a new offense, *Melton*, 258 N.C. App. at 136-37, 811 S.E.2d at 680-81, I am unable to find any possible prejudicial error and would hold that this appeal is wholly frivolous.

¶ 36        Thus, while I reach the same result as the majority and can provide no relief to Defendant, I write separately to distinguish between this Court's authority to

exercise its discretion and total want of jurisdiction. *See, e.g., State v. Killette*, 381 N.C. 686, 2022-NCSC-80, ¶ 16 (vacating and remanding this Court's decision denying a defendant's petition for writ of *certiorari* for lack of jurisdiction a second time, after earlier remand from the Supreme Court, because "the Court of Appeals has jurisdiction and authority to issue the writ of certiorari here, although it is not compelled to do so, in the exercise of its discretion").

### III.   CONCLUSION

I would hold this Court has jurisdiction to reach the issues raised in the briefs and that *Anders* procedures apply to appeals from probation revocations. After conducting an *Anders*-type review of the record in this case, however, I can discern no prejudicial error. For this reason, I concur only in the result reached by the majority.